**ROUTH CRABTREE OLSEN, P.S.**　　　Honorable Judge Albert E. Radcliffe
13555 SE 36TH ST., SUITE 300　　　　　Chapter 13
BELLEVUE, WA 98006
TELEPHONE　(425) 458-2121
FACSIMILE　(425) 458-2131

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Timothy Douglas Van Horn<br><br>　　　　　　　　　　　　Debtor. | Case No. 10-66502-aer13<br><br>OBJECTION TO CONFIRMATION By PENNYMAC LOAN SERVICES, LLC ITS SUCCESSORS IN INTEREST, AGENTS, ASSIGNEES, AND/OR ASSIGNORS |

　　　COMES NOW PennyMac Loan Services, LLC its successors in interest, agents, assignees, and/or assignors, ("Creditor"), and objects to confirmation of Timothy Douglas Van Horn's ("Debtor" herein) proposed Chapter 13 plan (the "Plan").

### I.　BACKGROUND

　　　On or about April 7, 2009, Timothy Douglas Van Horn, executed and delivered a Promissory Note ('Note') in favor of Bank of the Cascades in the original principal amount of $255,334.00. This Note was secured by a Deed of Trust ('Deed') encumbering real property commonly described as 19524 Sunshine Way Bend, OR 97701 ('Property').

　　　The outstanding principal balance due on the Note as of filing was approximately $246,497.34. As of the same date the loan was contractually current.

### II.　AUTHORITY AND ARGUMENT

　　　Creditor objects to confirmation of the proposed Chapter 13 plan on the basis that it does not provide for adequate protection of Creditor's security interest.

　　　Pursuant to 11 U.S.C. § 1325(a)(5) the Court shall confirm a plan only if as to each secured claim the claim holder accepts the plan and the plan provides for distribution to that creditor in an amount not less than the value of the allowed secured claim. Also, pursuant to 11 U.S.C. § 1325 (a)(1) and 1322 (b)(2) a plan must provide for the cure of an existing default within a reasonable time and require the maintenance

of payments while the case is pending on a secured claim on which the last payment is due after the date on which the final payment under the plan is due.

The Debtor proposes to sell the Property which is the collateral for Creditor's loan. The Debtor does not propose to maintain the current monthly loan payment owing to Creditor while sale is pending. Creditor objects to this proposal. Sale or refinance is not a viable option in this case. The Debtor values the property at $397,500.00 in his schedules. The total debt owing to Creditor was $247,431.98 on the date of filing. Debtor lists additional liens (including tax liens) totaling $129,475.72. Therefore after deducting costs of sale, there is no equity in the Property. Thus, sale is not a viable option.

Furthermore, the Creditor's security interest is not adequately protected by Debtor's proposal to not make payments to Creditor while sale is pending. There is no equity in the Property to adequately protect Creditor's security interest. If the Debtor proposes to sell the Property he should be required to maintain the current monthly loan payment while sale is pending. Creditor further objects as the Plan does not indicate how Creditor's claim will be satisfied in the absence of sale.

Creditor finally notes that it does not appear that Debtor is eligible for relief under Chapter 13 as Debtor lists secured debts in excess of the eligibility limits contained in 11 U.S.C. §109(e).

WHEREFORE, Creditor respectfully requests the Court deny confirmation of the proposed Chapter 13 plan.

DATED December 9, 2010.

**ROUTH CRABTREE OLSEN, P.S.**
ATTORNEYS AT LAW
Attorneys for Creditor


/s/ James K. Miersma
By: James K. Miersma, OSB #021623

Objection to Confirmation
Page - 2

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ⬥ FACSIMILE (425) 458-2131

The Honorable Judge Albert E. Radcliffe

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re: | Chapter 13 Bankruptcy |
| Timothy Douglas Van Horn | No.: 10-66502-aer13 |
| | CERTIFICATE OF MAILING |
| Debtor. | |

## CERTIFICATE OF MAILING

I hereby certify under penalty of perjury under the laws of the State of Washington that I mailed a true and correct copy of the Objection to Confirmation postage pre-paid, regular first class mail on the 10th day of ____December____, 2010, to the parties listed on the attached exhibit.

DATED this __10th__ day of _____December_____, 2010.

_/s/ Joe Hinson_____
Assistant to Attorney

---

Certificate of Mailing
Page - 1

**ROUTH CRABTREE OLSEN, P.S.**
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

1

2  Timothy Douglas Van Horn
   1323 35th Ave. NW
3  Salem, OR  97304

4  Brian D Turner
   Brian D Turner PC
5  1631 NE Broadway #120
   Portland, OR  97232

6
   Fred Long
7  Chapter 13 Trustee
   P.O. Box 467
8  Eugene, OR  97440

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Certificate of Mailing – Exhibit
Page - 2

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131