Jonathan G. Basham, P.C.
Jonathan G. Basham, OSB # 90038
745 NW Mt. Washington Drive, Suite 308
Bend, OR 97701
Phone: (541) 385-0914
Fax:    (541) 385-0988
Email: jgbasham100@bendbroadband.com
Attorney for Marcia Van Horn

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| Timothy Douglas Van Horn, | ) | |
|---|---|---|
| | ) | Case No. 10-66502-aer13 |
| | ) | |
| | ) | OBJECTION TO |
| Debtors. | ) | CONFIRMATION |

  Marcia Van Horn, by and through his attorney Jonathan G. Basham, hereby objects to confirmation of the debtor's plan dated October 28, 2010.

  **1.**  **The Debtor Is Ineligible For Chapter 13 Relief**

  The Debtor has liquidated, noncontingent unsecured debts totaling more than $360,475 and is therefore ineligible for chapter 13 bankruptcy. 11 USC ¶ 109(e). In this case, the Debtor's unsecured, noncontingent, liquidated debts are approximately 497,842.02 when taking into consideration the unlisted undersecured judgment that High Desert Bank has against the Debtor in the amount of $220,312.44. As a result, this Court lacks subject matter jurisdiction over this case pursuant to 11 USC ¶ 109(e).

  **2.**  **The Plan Unlawfully Attempts To Modify The Divorce Decree Between The Debtor And Marcia Van Horn**

  In order for a chapter 13 plan to be confirmed, the plan must not be proposed by any

Page 1 Objection to Confirmation

means forbidden by law. In this case, the Debtor seeks in paragraph 12 of the Plan to distribute the proceeds from the sale of the Sunshine Way property in Bend contrary to how the Deschutes County Circuit Court ordered in the divorce proceeding between the Debtor and Marcia Van Horn. In paragraph 12 of the plan, the debtor proposes that the Sterling Bank line of credit should be paid out of the proceeds before Marcia Van Horn receives her share. That is not what the divorce decree states. That obligation belongs to the debtor and must come solely out of his share. As a result, the Plan runs afoul of the order of distribution required by Deschutes County Circuit Court. If the Debtor seeks a modification of the Divorce Decree, the Plan is not the legal vehicle for doing so.

### 3. **The Plan Is Not Feasible**

The Debtor will not be able to pay off the priority taxes in this case as is required under 11 USC § 1322(a)(2) and 1325(a)(1). The reason for that is because any proceeds the Debtor had proposed to be paid to the Trustee under paragraph 12 from the sale of the Sunshine Way property will instead be paid to High Desert Bank. Those funds were the very funds upon which the Debtor was relying to pay the priority taxes.

### 4. **The Debtor Has Not Proposed the Plan In Good Faith**

In order for the Court to confirm a plan, the Debtor must have proposed the plan in good faith. 11 USC § 1325(a)(3). In this case, the Debtor has deliberately listed High Desert Bank as being owed zero in an effort to disguise the fact that this Court lacks subject matter jurisdiction under 11 USC § 109(e). Furthermore, the debtor took out a line of credit in the amount of $100,000 in approximately July of 2008, cashed in a life insurance policy in approximately April of 2009 for $43,000, and received approximately $78,000 from the sale of his and Marcia Van Horn's Norwalk furniture business in May of 2008. Those funds are not reported in the debtor's SOFA's. Although the debtor alleges in Schedule A of his petition that he put only $10,000 on his residence, is not on the title, and his interest in the property is worth zero, he does not disclose the fact that the owner on the property is his girlfriend, Mori Montagne. It is reasonable

Page 2 Objection to Confirmation

Case 10-66502-tmb7    Doc 21    Filed 12/23/10

to suppose that the Debtor provided his girlfriend far more than the $10,000 in order for her to buy the residence in June of 2009 and avoid paying his creditors. However, the debtor does not disclose any transactions with his girlfriend in his SOFA's, including but not limited to the $10,000 down payment. Added together, the Debtor's conduct leads to the obvious conclusion that he has played fast and loose with his obligation to fully disclose his assets and liabilities and that he has not proposed his plan in good faith.

For the foregoing reasons, this Court should deny confirmation of the Debtors' Plan.

DATED this 23th day of December, 2010.

/s/ Jonathan G. Basham
Jonathan G. Basham, OSB #90038
Attorney for Marcia Van Horn

Page 3 Objection to Confirmation

CERTIFICATE OF SERVICE

I certify that on the 23rd day of December, 2010, I served the foregoing **Objection to Confirmation** via ECF filing as follows:

    Brian D. Turner (brian@cascadebk.com)
    Fred Long, Chapter 13 (longeugctmail@qwestoffice.net)
    Jim Peterson, Attorney for High Desert Bank (jimpetersen@bendnet.com)
    Joe Lozano, Attorney for PennyMac Loan Services, LLC  (jml@bkcylaw.com)
    James K. Miersma, Attorney for Wells Fargo Bank(ecfor@rcflegal.com
    US Trustee (USTPRegion18.EG.ECF@usdoj.gov)

DATED this 23rd of December, 2010.


                                        /s/ Jonathan G. Basham
                                        JONATHAN G. BASHAM, OSB# 90038
                                        Attorney for Marcia Van Horn

**Page 1.**        **Certificate of Service**